## Caryl C. Clarke et al., Appellees, v. National Council of the Knights and Ladies of Security, Appellant.

### Gen. No. 23,885.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of facts. Opinion filed April 29, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Caryl C. Clarke and Myron G. Clarke, minors, by Frank B. Pease, next friend, and Holly C. Clarke, plaintiffs, against National Council of the Knights and Ladies of Security, defendant, to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on a benefit certificate issued by defendant. From a judgment for plaintiffs for $2,548.98, defendant appeals.

A. W. FULTON and JOHN V. McCORMICK, for appellant.

FRED H. ATWOOD, CHARLES O. LOUCKS and VERNON R. LOUCKS, for appellees; GEARY V. STIBGEN, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 788*—*when no recovery may be had on benefit certificate because of use of intoxicants.* In an action to recover on a benefit certificate, where the insured stated in his application that he did not drink intoxicants daily or habitually, that he had never been addicted to the excessive or intemperate use of liquor, and signed a certificate that he was temperate in his habits, sound physically and mentally and a fit subject for insurance, and further declared that his answers and statements in the application were true, warranted them and agreed that they should form the basis of his agreement, and further agreed, if accepted, to abide faithfully by the by-laws, rules and regulations, and where the certificate provided that, if the member should become intemperate in the use of alcoholic drinks, the certificate should be null and void, and the by-laws contained a similar provision as well as provisions that no insurance should be paid where death resulted directly or indirectly from the use of intoxicants, nor where false answers were given in the application as to the applicant's physical and mental condition, or where he made false representations or concealed any of his personal habits which were in violation of the order, there can be no recovery on such certificate where the evidence shows that both before and after making the application the insured was intemperate and habitually overindulged in intoxicants and received medical treatment therefor, and that he died of chronic alcoholism.

2. INSURANCE, § 752*—*when statements in application as to use of intoxicants are material.* Statements of an applicant for insurance as to his habits in regard to the use of intoxicants are ma-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

terial, where their falsity renders the certificate null and void under the conditions and the by-laws of the society by which he agrees to be bound.

